400 So.2d 228 (1981)
Darlene Morales FORD
v.
DIXIE BUICK, INC.
No. 11487.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
Rehearing Denied July 13, 1981.
*229 Law Offices of Robert B. Keaty, Thomas S. Keaty & Charles C. Garvey, New Orleans, for plaintiff-appellee.
John David Cassanova, Metairie, for defendant-appellant.
Before GARRISON, STOULIG and CHEHARDY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court, granting an action in redhibition in favor of the plaintiff and awarding her rescission of the sale and return of the purchase price, one thousand eight hundred twenty-five and 80/100 dollars, as well as attorneys' fees in the amount of five hundred dollars.
From that judgment, which we affirm, Dixie Buick, Inc. appeals, alleging that the trial judge erred in granting rescission without proper proof of defect, and without proper proof of tender for repair and/or tender for return of the price. Appellant also argues that the trial court improperly awarded attorneys' fees and improperly allowed Claibert Morales to testify as an expert.
The trial judge provided the following written reasons for judgment:
"On November 29th, 1977 Darlene Ford, a widow went with a friend to Dixie Buick to purchase an automobile. This was the first time that she had purchased a car on her own. She selected a 1972 Volkswagen Fastback and test drove the automobile.
On the following day, she and her friend returned to Dixie Buick at which time she purchased the automobile. On her way home to Boutte the automobile kept stalling.
Because she was having trouble with this car, she enlisted the aid of her brother, who is a mechanic. After looking at the car, the brother decided that the car should be towed back to Dixie Buick. Since she testified she knew `nothing about cars', she turned over to her brother the responsibility of dealing with Dixie Buick.
The brother, Claibert Morales, testified that heavy weight oil had been used. In fact, the oil was clean, indicating it had been recently put in the automobile. As he said, `The engine was doped up with 80 to 90 weight oil and STP.'
Therefore, the Court finds that the defendant was aware of the vices of this automobile and is liable for the restitution of the purchase price and attorneys fees. See Article 2545, R.C.C."

I. PROOF OF DEFECT
We find Dixie's argument on this point to be without merit. The thing purchased must be free from a vice or defect which would render the thing sold either absolutely useless or so inconvenient and imperfect that the buyer would not have purchased the thing if he had known of the vice or defect. C.C.Art. 2520. The buyer must show that the vice or defect existed at the time of the sale. However, where the defect appears within 3 days, the defect is presumed to have existed at the time of the sale. C.C.Art. 2537; Rey v. Cuccia, 298 So.2d 840 (La., 1974). In the instant appeal, the car died on the way home from the lot on the day of the sale. Accordingly, the presumption of C.C.Art. 2537 applies and *230 the appellant's specification of error on this point is totally without merit.

II. PROOF OF TENDER FOR REPAIR AND TENDER FOR RETURN OF THE PRICE
Appellant is correct in his contention that the buyer must allow the seller reasonable time in which to repair the vice or defect (C.C.Art. 2531) and that the buyer must tender the thing to the seller for repairs. At the request of Mrs. Morales, Claibert Morales towed the car to Dixie Buick for repair. This is the very essence of "tender for repair." Prior to the commencement of suit, Dixie Buick held the car in its shop from late November through as late as January 6th of the following year. We find that over a month is more than "reasonable time" in which to make repairs. Mel Jacobson, President of Dixie Buick, testified that Claibert Morales later returned, was unsatisfied, and Jacobson offered Morales $200.00 to "forget the entire deal". Claibert Morales testified that he inspected the vehicle twice after it was tendered for repair and that on neither occasion was the vehicle in working condition. Accordingly, we agree with the conclusion of the trial court that there exists more than sufficient evidence of tender for repair, opportunity for repair and tender for price. We cannot conclude that the trial judge was manifestly erroneous.

III. AWARD OF ATTORNEY'S FEES
Under the Louisiana law, the general rule is that attorneys' fees are not awarded absent specific statutory authority.
Civil Code Art. 2545 provides as follows:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Additionally, C.C.Art. 2547 also authorizes the grant of attorneys' fees in a proper case:
"A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
It may, according to the circumstances, give rise to the redhibition, or to a reduction of price, and to damages, including reasonable attorney's fees, in favor of the buyer."
The trial judge found as a question of fact that the defendants had "doped up" the engine of the car by using heavy weight oil and STP. He also noted that the oil was "clean", indicating that it had been put in the engine recently. Whether the trial judge found that the defendants omitted to inform plaintiff that the engine had been "doped-up" or that the defendants declared to Mrs. Ford that the car had the ability to run reasonably well for a used car, is of no moment as both conclusions are reasonable upon the record. We agree with the conclusions of the trial judge that defendants sold the vehicle to plaintiff with full knowledge of the defect.
Defendants argue that plaintiff "failed to allege grounds for the granting of attorney's fees." We note that Louisiana is a fact pleading jurisdiction.[1] We find the following quote from plaintiff's petition provides sufficient basis for a grant of attorneys' fees:
"V. Immediately after the time of the sale, petitioner had continual trouble with hidden defects in workmanship, materials, quality, construction and design, all of which existed at the time of the sale, which include, but are not limited to the following:
A. Defective engine and drive train that it fails to function properly, requires frequent and extensive repair rendering the vehicle useless for the purpose for which it was intended.

*231 B. Defective electrical ignition system in that it fails to run properly.
C. Any other defects inherent in these pleadings or which may appear by discovery or the trial of the case." (emphasis added).
Accordingly, we conclude that the trial judge properly awarded attorneys' fees.

IV. CLAIBERT MORALESEXPERT WITNESS
We note initially that the trial judge is granted considerable discretion in the acceptance or rejection of expert testimony. The trial judge admitted Claibert Morales as an expert mechanic. Mr. Morales worked for 2½ years as a line mechanic for Key Dodge and 1½ years as a mechanic for Jules Gulf Service Station. He owned and operated a service station for six years in Luling. Additionally, he did all of the automotive maintenance for several Monsanto plants in the area. For the last three years, he had been employed as the head mechanic for all heavy equipment and gasoline engines for Browning Ferris Industries, Chemical Division. It is apparent to this court that the trial judge did not abuse his discretion in admitting Mr. Morales as an expert.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
STOULIG, J., concurs with written reasons.
STOULIG, Judge, concurring.
The record amply supports the trial court's determination that the defects in the automobile were of such a nature as to warrant the granting of redhibition.
The rejection of defendant's reconventional demand for storage charges by trial court should also be affirmed. The granting of redhibition legally rescinded the sale of the car and restored the parties to the same status they occupied prior to the sale. Plaintiff's ownership of the vehicle was annulled. The trial court apparently concluded that defendant's possession of the automobile came about from the tender of its return by plaintiff. It therefore follows that because plaintiff is not the owner and the defendant's retention of the car is in the capacity of owner and not of a depositee, no storage charges are assessable against the plaintiff in favor of reconvenor.
NOTES
[1] We note that in cases involving fraud, often the fraud is not disclosed until discovery has taken place.