413 So.2d 542 (1982)
Lewis E. HENDERSON
v.
DIAMOND DATSUN, INC.
No. 12812.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
*543 Deutsch, Kerrigan & Stiles, Daniel A. Smith, New Orleans, for defendant-appellant.
Lewis E. Henderson, in pro. per.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
BARRY, Judge.
Plaintiff, Lewis E. Henderson, sued Diamond Datsun, Inc. claiming a faulty paint job and was awarded damages. Defendant appeals urging it was not negligent, that plaintiff's claim had prescribed, and the award was based upon inadmissible evidence.
Plaintiff had been in an automobile accident and brought his automobile to the defendant for repair work. After several unsuccessful attempts to paint the repaired areas, in February or March of 1979 defendant agreed to repaint the entire vehicle without cost to plaintiff. In September, 1980 plaintiff noticed "cracks" in the paint and took the car back to the defendant, but was informed nothing further would be done.
DEFENDANT'S NEGLIGENCE
Plaintiff testified cracks in the paint covered the entire top of his automobile. He said prior attempts to paint the repaired areas resulted in different shades of blue and defendant's agreement to paint the entire car was to correct that problem. In May, 1980 another dealer did touch-up work on the rear hatch, but plaintiff stated the scratches were not evident at that time. He said the car was parked in his carport at home and during the day it was kept in an open lot.
James Connor, an expert in paint analysis, stated the abrasive marks were cut into the surface of the paint "by some object which was harder than the paint and which moved in a circular or rotary motion." He said the paint "was not at fault in composition, but something at the time that the paint was applied, or near the time it was applied, before it had hardened to maximum hardness, there was abrasive degradation of the surface of the paint through abrasive action of some type in which a rotary motion was definitely detected." He noticed the hood and roof had lost gloss due to sunlight which caused those areas to be lighter and duller than the rest of the car and the scratch marks were more noticeable. Connor viewed 38 photographs in evidence and stated they represented the condition of the automobile when he examined it. It was his opinion the abrasions were put on because the paint wasn't cured. He said the scratches were originally masked by the gloss of the paint and concluded they occurred when the paint was applied.
A report from Pittsburg Testing Laboratory, identified by Connor, shows "apparent scratches or linear narrow abraded marks in profuse numbers ..." It said part of the paint was delaminating indicating no primer was applied and there was only a thin film of paint over bare metal. The report states the scratches showed a clear circular pattern, with some parallel to each other which were "definitely produced through mechanical abrasion (possibly through buffing), resulting in these numerous linear and curved scratches being deeply cut into the soft blue surface coating, to produce a visually evident surface defective pattern, when visually inspected from a distance of six feet, and closer." As a result, plaintiff's expert stated the depth of the scratches plus the evidence of mechanical scratch patterns indicate they existed from the time the automobile was re-painted by the defendant.
The defendant's only witness, Tom Discon, defendant's body shop manager, was accepted as an expert in the field of auto painting. He testified generally as to the procedure in painting an automobile and said the average life of a paint job in this *544 climate is three years. However, he was not employed by the defendant when plaintiff's vehicle was painted and could not shed light on what happened. There was no denial that the abrasive marks were put on the car by some mechanical device.
Defendant argues negligence is never presumed and plaintiff failed to carry his burden of proof. Defendant maintains the paint did not fail and the discoloration resulted from normal wear and tear (exposure to sunlight).
Plaintiff responds that his burden was to present evidence showing it was more probable than not that the damage was caused by the conduct of the defendant and circumstantial evidence is sufficient if it excludes with a fair amount of certainty other reasonable hypotheses. Townsend v. State, Department of Highways, 322 So.2d 139 (La.1975). Plaintiff argues the defendant offered no reasonable explanation how the abrasions occurred and did not produce the body shop manager or the painter who were responsible for the paint job.
We are not favored with written reasons for judgment, however, we can only conclude the Trial Judge found the defendant negligent in the preparation and painting of plaintiff's vehicle. That was the conclusion of plaintiff's expert based upon the laboratory analysis and this evidence was uncontradicted.
The weight to be given an expert witness is determined by qualifications, experience in the field, and the facts upon which the opinion is based. The Trial Judge is given considerable discretion in accepting or rejecting expert testimony, Ford v. Dixie Buick, Inc., 400 So.2d 228 (La.App. 4th Cir. 1981), and his determination should not be reversed absent manifest error, Guidry v. Davis, 382 So.2d 250 (La.App. 3rd Cir. 1980).
We feel the plaintiff succeded in proving the defendant's fault was the most likely cause of the damage and there is nothing else in this record which can reasonably be ascribed as the cause. Whether or not plaintiff's evidence is circumstantial, it need not negate all other possible causes. South Central Bell Telephone Company v. Hartford Accident & Indemnity Company, 385 So.2d 830 (La.App. 1st Cir.), writ denied, 386 So.2d 356 (La.1980). We find no basis to disturb the trial court's reasonable evaluation of the witnesses and will not disturb the resultant opinion as to defendant's negligence.
PRESCRIPTION
Plaintiff's car was re-painted in February, 1979 and this action was filed February 3, 1981. Defendant contends the discoloration resulted from a combination of paint deterioration due to sunlight and plaintiff's failure to apply wax; accordingly, discovery of the damage was an event within plaintiff's control and the one year liberative prescription applies. (Defendant mistakenly cited art. 1893.)
Plaintiff argues he was unaware of the scratches until September, 1980 which is within one year of his suit and cites Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir. 1967):
"Until the damage is sustained, there is no cause of action against the tortfeasor. Since plaintiff has no claim until the cause of action has arisen, he must be conscious or aware, as would a reasonable person under similar circumstances, of both the tort and damage before he can sue, consequently prescription does not begin to run against him until he has knowledge of both said indispensible elements of his claim." At p. 564.
Prescription does not begin to run until the plaintiff has knowledge of both the tort and resultant damages: until a cause of action has manifested itself with sufficient certainty to be capable of proof in a court of law. LSA-C.C. Arts. 3536, 3537. The doctrine applies only if plaintiff's ignorance is not willful or results from his own negligence. Reed v. General Motors Corporation, 400 So.2d 919 (La.App. 1st Cir. 1981). Having concluded that the defendant negligently caused the abrasions on plaintiff's vehicle, we are satisfied that these defects were not immediately apparent and plaintiff's uncontradicted testimony *545 that they went unnoticed approximately eighteen months is reasonable. Thus, we believe plaintiff's cause of action did not manifest itself until the defects were discovered by plaintiff and therefore his suit was timely filed.
ADMISSIBILITY OF ESTIMATES
During plaintiff's testimony he referred to repair estimates and the defendant objected on the basis of hearsay. The Trial Judge overruled the objection and plaintiff identified three estimates which were then allowed into evidence. Plaintiff argues the record contained other evidence on which the Trial Judge based his $750.00 award, such as photographs and the expert's testimony. In Burns v. Dominique, 354 So.2d 763 (La.App. 4th Cir.), writs denied, 356 So.2d 1010 (La.1978) the estimator ceased doing business, could not be served, and estimated damages were permitted by the Trial Judge. Here, there is no showing why the estimates were not substantiated. Plaintiff's expert did not mention the cost to re-paint plaintiff's automobile and our view of the photographs tells us the car badly needs a new paint job but that doesn't indicate what the cost would be. The damage estimates were introduced without corroboration or foundation and are inadmissible hearsay. Smith v. Doyle, 160 So.2d 791 (La.App. 3rd Cir. 1964). There was no basis for the Trial Judge to make an award for repairs and to do so was clearly wrong. Miles v. New Orleans Public Service, Inc., 393 So.2d 877 (La.App. 4th Cir. 1981). It is therefore necessary to remand for a determination of damages.
Defendant questions the $100.00 fee for plaintiff's expert, however, this is within the clear discretion of the Trial Judge and should not be disturbed absent manifest error.
For the foregoing reasons this matter is remanded to the trial court for a determination of damages to be awarded plaintiff, and in all other respects is affirmed.
AFFIRMED IN PART AND REMANDED.