420 So.2d 1032 (1982)
John and Sharon VANCE
v.
Floyd EMERSON, D/B/A Carpet Corner.
No. 5-95.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
*1033 Nelson J. Cantrelle, Jr., John J. McGuckin, Jr., Gretna, for plaintiff and appellee, John and Sharon Vance.
Gilbert P. Cohen, Gretna, for defendant and appellee, Floyd Emerson d/b/a Carpet Corner.
Robert H. Wood, Jr., Metairie, for defendant and appellant, West Point Pepperell.
Before SAMUEL, CURRAULT and DUFRESNE, JJ.
*1034 DUFRESNE, Judge.
In April of 1978, the plaintiffs, John and Sharon Vance, purchased from the defendant, Floyd Emerson d/b/a Carpet Corner for the sum of $1,020.00, a carpet which was to be installed in the plaintiffs' home in Marrero. The carpet was originally selected from a sample and ordered by Carpet Corner from the manufacturer, West Point Pepperell, Inc., the third party defendant. At the time that the carpet was installed, the plaintiffs noticed that there was a difference in coloration in the various sections of the carpet. They attempted to get the defendant to remove the carpet which they found to be defective because of the discoloration.
After refusal, the plaintiffs instituted suit. They prayed for a rescission of the sale plus damages and attorney's fees for the redhibitory defects. The original defendant, Floyd Emerson, filed a third party demand against West Point Pepperell, Inc. seeking indemnity from the carpet manufacturer.
After trial on the merits, the trial court awarded the plaintiffs the sum of $1,020.00, together with legal interest plus attorney's fees in the amount of 25% and for all costs.
From this judgment, the third party defendant (West Point Pepperell, Inc.) has appealed and has raised the following issues:
1. The trial court was manifestly erroneous in concluding that the carpet was defective or unfit as a result of any process or actions of the manufacturer.
2. The trial court erred in granting indemnity to Floyd Emerson, d/b/a Carpet Corner.
3. The trial court erred in awarding a money judgment without correspondingly rescinding the sale.
4. The trial court erred in awarding to the plaintiffs anything more than a nominal reduction in the purchase price.
5. The trial court erred in excluding the opinion testimony of appellant's expert simply because he was an employee of a party to this suit.
As to the first issue raised on appeal, the Supreme Court in the case of Rey v. Cuccia, 298 So.2d 840, at 842 (La.1974) set forth the current state of our law in regard to actions in redhibition.
"A redhibitory defect entitling the buyer to annul the sale is some defect in the manufacture or design of a thing sold `which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice'. Article 2520. Upon proof of such a defect, the buyer is entitled to annul the sale and recover the purchase price, rather than being limited to recovering the cost of curing any such substantial defects."
We conclude that the existence of a redhibitory defect is a question for the trial judge and should not be disturbed on appeal in the absence of manifest error. Clinkscales v. Superior PontiacGMC, Inc., et al., 365 So.2d 895 (La.App. 4th Cir.1978). Here, the trial judge clearly did not abuse his discretion and his decision was not manifestly erroneous under Canter v. Koehring Co., 283 So.2d 716 (La.1973) and its progeny.
The second issue on appeal is concomitant with the first. Once the trial court decided that the carpet sold had a redhibitory defect, it is well settled in our jurisprudence that the manufacturer is presumed to know of this defect in the thing made by him. Rey v. Cuccia, supra. Thus he is considered a bad faith seller and falls within the ambit of the following civil code provision.
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, including reasonable attorney's fees, is answerable to the buyer in damages." La.C.C. Art. 2545.
Relative to this issue, the testimony presented at trial indicated that the plaintiff picked out the carpet he wanted by *1035 looking at samples of carpet in defendant's store. After the plaintiff picked out what he wanted, the defendant (Emerson) ordered the carpet from West Point Pepperell, Inc. The carpet arrived in a roll from the factory and was then brought to the plaintiff's home where it was installed.
When the trial court made a finding that the carpet sold to the plaintiff had a redhibitory defect, there was no doubt that the carpet being referred to was the same one which was shipped from the West Point Pepperell Factory to the defendant and ultimately to the plaintiffs. With regard to the nature of the defect, the testimony given by the witnesses was to the effect that the plaintiffs complained that certain sections of carpet did not match the coloration of the main section of carpet. The record is void of evidence which would indicate that the carpet was improperly installed or that the pieces of the carpet were improperly sewn together. The trial court in its reasons for judgment stated that the carpet "* * * was not of the same quality as that of the carpet that had been selected by petitioners while in defendant's store in that there existed a substantial difference in the color and texture of the various pieces of carpet * * *" Furthermore, there was no evidence introduced to show that anyone else but the manufacturer could have caused this defect. Accordingly, as the manufacturer of the carpet, West Point Pepperell, Inc. is presumed to know of the defects which were present in the carpet, and as such is liable to the third-party plaintiffs.
The issues presented to this court in specifications of error three (3) and four (4), can be crystallized into one central argument on appeal:
What is the appropriate remedy in a redhibitory action in which the plaintiffs seek a rescission of the sale of a thing which has been customized to conform to specific dimensions and would be useless if returned to the seller (in this case, manufacturer)?
We agree with the trial court that the plaintiffs proved the essential elements of their case. Therefore, our consideration will focus on the premise that the plaintiffs are entitled to a rescission of the sale and to all other consequences which flow from a successful redhibitory action.
Initially we must resolve the issue of whether the carpet should be returned to the manufacturer or should there be a reduction from the purchase price if the carpet remains in the possession of the plaintiffs.
Before a suit for redhibition may be filed by any purchaser, he must first tender the return of the property and offer to restore things to the pre-sale status quo. This tender is a prerequisite to the maintenance of any action in redhibition. Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir.1975). The evidence and testimony is clear that the above requirements have been satisfied. Moreover, in an action in redhibition, the purchaser is not entitled to rescission of the sale and recovery of the full purchase price unless he is in a position to return the purchased item. In such an instance, the purchaser is entitled only to a reduction in price and recovery of his expenses, if any. J.B. Bland C., Inc., v. Burris Bros. Limited, 216 La. 655, 44 So.2d 693 (1950).
Accordingly, we conclude that the return of the carpet by the plaintiffs is a necessary element to a sustainable redhibition action. Thus the trial court's judgment will be amended to include the return of the carpet by the plaintiffs to the third party defendant, West Point Pepperell, Inc.
Furthermore, in a redhibitory action the buyer may recover from the seller, finance charges incidental to the purchase, as an expense of the sale. Smith v. Max Thieme Chevrolet Co., Inc., 315 So.2d 82 (La.App. 3rd Cir.1975).
The remaining issue is whether the trial court committed error in not allowing the third party defendant's employee, Tony Giglio, to testify as an expert witness. Although the court did not recognize the witness as an expert, it is obvious from the *1036 record that the court gave great weight to his testimony. In denying the motion for a new trial, the trial judge in his reasons for judgment indicated that he based his decision mainly on the testimony of Mr. Giglio. Accordingly, this issue is relatively moot and if error, was the most harmless error.
For the reasons assigned, the judgment appealed from is amended to order the return of the carpet by the plaintiffs to the third party defendant. As thus amended, and in all other respects, the judgment is affirmed.
All costs of this appeal are to be paid by the third party defendant, West Point Pepperell, Inc.
AMENDED AND AFFIRMED.