431 So.2d 869 (1983)
Oral Dean COPPLE, Plaintiff-Appellee,
v.
Albert J. GONYEA, Defendant-Appellant.
No. 15330-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
*870 Ford E. Stinson, Jr., Benton, for defendant-appellant.
Sam N. Gregorio, James G. Cowles, Jr., Shreveport, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
MARVIN, Judge.
In this redhibition action, the defendant appeals a judgment reducing the purchase price of a house purchased by plaintiff from defendant. The reduction equalled the cost of replacing the defective central air conditioning unit in the house. We affirm.
Plaintiff purchased the house and lot from defendant on April 17, 1981, for $40,000. Several days before the sale plaintiff turned on the air conditioning unit while inspecting the house and found that although the unit was running, it was not cooling. The defendant inquired to Moon, who had installed the used air conditioning unit for defendant. Moon filled the unit with freon. The plaintiff then inspected the unit and found it was cooling. Plaintiff then purchased and moved into the house.
Around May 4 or 5 the unit stopped cooling again. Plaintiff contacted the defendant who in turn contacted Moon. Moon inspected the unit and reported to defendant that he thought there was a leak in the A coil and gave defendant an estimate of $250 to replace the coil. Defendant declined to order the work done because Moon would not guarantee that replacing the coil would solve the problem. Eventually the plaintiff, who had some experience in air conditioning maintenance, found the leak and repaired it.
In mid-June the unit again stopped cooling. This time plaintiff called his realtor, who in turn called another repairman (Smith). Smith replaced a filter dryer and added freon to the unit. The realtor and plaintiff shared the cost of these repairs. After these repairs, the unit would cool the house only to a minimum 80° F., apparently because of increasing summer temperatures. About July 1 the unit ceased to operate when the compressor motor shorted out with worn out motor bearings. The plaintiff then replaced the unit and added several ducts.
A redhibitory vice must have existed before the sale occurred. CC Art. 2530. Once the defect is proved, the seller who is in good faith is only bound to repair, remedy or correct the vice, but upon failure to do so *871 he may be required to restore the purchase price. CC 2531. Even though the suit is brought in redhibition, the judge may order only a reduction of the purchase price. CC 2544.
The trial court found that the plaintiff proved a defect in that either the duct work was insufficient or the air conditioning unit had an insufficient capacity to cool the house. Where a house is sold with central air conditioning, it is implied that the unit has sufficient capacity to comfortably cool the house in hot weather. Bermes v. Facell, 328 So.2d 722 (La.App. 1st Cir. 1976); Matt v. Laperouse, 386 So.2d 978 (La.App. 3d Cir.1980).
The defendant asserts that the trial court erred in finding a redhibitory vice. Appellate review in civil cases extends to the facts of the case as well as the law, but we will not disturb a finding of fact by the trial court unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
The record in this case supports the judgment. The plaintiff and his wife both testified that even when cooling, the air conditioning unit would not cool the house to a comfortable temperature in hotter weather.
Smith, who repaired the unit on one occasion and who was qualified as an expert at trial, testified that in his opinion the existing two ton air conditioning unit was too small for the house. Jack Webb, the air conditioning sales representative from Sears, testified that he measured the house and inspected the duct system. He was of the opinion that the duct system that existed in the house was not sufficient to handle the two-ton unit defendant had installed in the home. The new unit Sears installed has a rating of 35,000 BTUs which is a little less than three ton capacity.
The defendant complains that the trial court improperly considered opinion evidence given by Jack Webb when he was not accepted by the court as an expert. The trial court is accorded considerable discretion in the acceptance or rejection of expert testimony. Ford v. Dixie Buick, Inc., 400 So.2d 228 (La.App. 4th Cir.1981). Even though Webb was not accepted as an expert in the mechanism of air conditioners, the record does not show that the trial judge gave improper weight to his testimony regarding the capacity of an air conditioning system. We find no abuse of discretion in this respect.
Finally defendant complains that the trial court erred in awarding the cost of an entire new air conditioning unit. There was testimony that it was not feasible to add another smaller unit to upgrade the capacity of the existing unit. In addition, the defendant did not offer any evidence of less expensive alternatives that would remedy the situation or that the cost of the unit from Sears was too high. Again we find no abuse of discretion in the award ($2,491).
The judgment appealed is AFFIRMED at appellant's cost.