434 So.2d 1236 (1983)
Sonia STARWOOD
v.
June TAYLOR.
No. 82 CA 1000.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Brian D. Lenard, Hammond, for plaintiff.
Arthur W. Macy, Marlise Harrell, Kentwood, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action in redhibition brought by Sonia Starwood, vendee of a used 1974 Dodge Colt automobile, against June Taylor, the vendor. The trial court ordered the *1237 sale rescinded and the sales price of $1,000.00 returned to the vendee, Ms. Starwood. We amend and affirm.
On July 1, 1981, Ms. Taylor and Ms. Starwood executed a Bill of Sale selling the Dodge Colt for a sales price of $1,000.00. The Bill of Sale stated that the instrument would take effect only when all checks, drafts, or similar media of payment had cleared the bank. It was verbally agreed between the parties that Ms. Taylor, the vendor, would have a cracked head on the Dodge Colt repaired at Ms. Taylor's expense before the car was delivered to Ms. Starwood. Although the testimony is somewhat in conflict, it appears that the weight of the testimony indicates that Ms. Taylor told Ms. Starwood that the car would not run as it was at the time of sale, but that the only defect was the cracked head, which Ms. Taylor would have repaired before delivery. The car was taken to a mechanic who appeared to have repaired the cracked head and then returned to Ms. Taylor. The check given Ms. Taylor by Ms. Starwood in payment of the purchase price was deposited by Ms. Taylor on July 20, 1981. Ms. Taylor's husband drove the car for several days and then on August 15, 1981, the car was delivered to Ms. Starwood. Ms. Starwood drove the car without difficulty in the City of Hammond for about ten days. Then, on August 27, 1981, she attempted to drive to Baton Rouge. The car heated up and steam began escaping beneath the engine. After that time, it was impossible to restart the engine. The car was taken to several repair shops, but without success. A mechanic who looked at the car, Anthony Matthews, testified that he saw water when he removed the number one sparkplug. He had succeeded in starting the engine, but stated the engine would not remain running unless you kept your foot on the gas. He testified that water getting into the oil, which the removal of the number one plug indicated was occurring, was the result either of a cracked head, a blown head gasket, or a cracked block. The only way to determine which was the cause was to tear the engine down to tell where the crack was to be found. The car was taken back to Ms. Starwood's yard, where it remained, without being used, until date of trial.
In an action in redhibition a buyer may prove the existence of a redhibitory defect before the sale by direct evidence or circumstantial evidence giving rise to a reasonable inference that the defect existed at the time of sale. LSA-C.C. arts. 2520, 2521, 2530; Rey v. Cuccia, 298 So.2d 840 (La. 1974); Womack and Adcock v. 3M Business Products Sales, Inc., 316 So.2d 795 (La.App. 1st Cir. 1975); Cox v. Lanier Business Products, Inc., 423 So.2d 690 (La.App. 1st Cir. 1982), writ denied 429 So.2d 129 (1983). In the present case, the Dodge Colt automobile broke down the first time that the car was taken out onto the highway after it was delivered to Ms. Starwood. It, therefore, may reasonably be inferred that the condition that caused the car to break down existed at the time of sale and subsequent delivery.
However, "[t]he buyer cannot institute the redhibitory action, on account of the latent defects which the seller has declared to him before or at the time of the sale." LSA-C.C. art. 2522. Here, the seller told the buyer, the evidence preponderates, that the only defect with the car was a cracked head, which would be repaired. The mechanic called to testify who examined the car after it had been delivered and had broken down, Mr. Matthews, testified the car could have any of three defects, (1) a cracked head, (2) a blown head gasket, or (3) a cracked block. Neither of the last two conditions were mentioned by Ms. Taylor, the seller, to Ms. Starwood, the buyer, at the time of sale. Thus, LSA-C.C. art. 2522 does not apply to the last two conditions, as neither of these two conditions was mentioned as being in existence when the sale transpired. As to the cracked head, if this in fact was the cause of the breakdown, Ms. Taylor warranted to Ms. Starwood the condition would be remedied before the car was delivered. Obviously, either this condition was not remedied, as Ms. Taylor had warranted it would be, or one of the other two conditions also existed at the time of the sale. If the latter is the case, LSA-C.C. *1238 art. 2522 does not apply as these two defects were never declared to the buyer. Whatever is the case, redhibition lies.
The buyer bringing an action in redhibition is obligated to tender the object which he alleges to be defective or give a reasonable excuse for failure to do so. LSA-C.C. arts. 2532, 2533, 2536; McLain v. Cuccia, 259 So.2d 337 (La.App. 4th Cir.1972). If the object is not returned to the seller, or a reasonable excuse given, it follows that return of the purchase price cannot be compelled. We, therefore, amend the judgment of the trial court to direct that the vehicle be returned to the seller, or a reasonable excuse given for failure to do so.
Appellee, Ms. Starwood, seeks damages for a frivolous appeal. As we amend the judgment of the trial court, the appeal cannot be said to be frivolous.
The judgment of the trial court is therefore amended to read as follows:
(1) The plaintiff, Sonia Starwood, is ordered to return to the defendant, June Taylor, one 1974 Dodge Colt automobile, Serial No. 6H23U49102427 or in proceedings before the trial court, give a reasonable excuse for failure to return the automobile.
(2) Conditioned upon the buyer's compliance with paragraph (1) of this judgment, the rescision of the sale of the automobile from June Taylor to Sonia Starwood is ordered, and judgment is rendered in favor of Sonia Starwood and against June Taylor in the sum of $1,000.00 with legal interest from date of return of the automobile to June Taylor.
(3) All costs shall be borne by appellant, June Taylor.
AMENDED AND AFFIRMED.