KLIEBERT, Judge.
This is a suit in quanti minoris, i.e., reduction of the purchase price or reimbursement of expenses incurred in repairing an alleged latent defect. The plaintiff-purchaser, Peter Schwehm, Jr., purchased a 1980 Lemans, manufactured by General Motors, defendant, from Superior Pontiac, a dealer, on June 28,1980 for $7,123.20. In October 1982 the automobile developed transmission problems. Schwehm’s petition alleges the transmission problem was caused by an improperly installed bolt which cracked the casing. He alleges the manufacturer knew of the defect and he could not have discovered the defect by mere inspection. When the dealer and the manufacturer refused to repair the vehicle, Schwehm filed this suit on July 14, 1983.
Both defendants filed peremptory exceptions of prescription. The exceptions were grounded in the contention more than one year had run since the close of the sale; hence, under Civil Code Article 2534, prescription had run. Schwehm conceded his claim against the dealer had prescribed, but argued his claim against the manufacturer had not because under Civil Code Article 2546 a suit in quanti minoris against a manufacturer may be brought within one year of the date of discovery of a hidden defect. Nevertheless, the trial judge maintained the exceptions of prescription as to both the dealer and the manufacturer. We agree with the plaintiff and hence reverse the trial court’s ruling as to the manufacturer.
Whether the suit is considered an action in redhibition or an action in quanti minoris is immaterial. The first paragraph of Civil Code Article 2534 provides a one year prescriptive period for an action in redhibition, but, the second paragraph of the article provides: “This limitation [one year prescription] does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.” We also note that under Civil Code Article 2544 the same rules apply to an action in quanti minoris as to an action in redhibition.
The plaintiff contends the action against General Motors, as the manufacturer, is governed by Louisiana Civil Code Articles 2545 and 2546 which provide as follows:
Art. 2545. Liability of seller for concealment of vice
Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages. Art. 2546. Prescription of redhibitory action when seller in bad faith
Art. 2546. In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller.
Under these articles, Louisiana courts have formulated a jurisprudential rule that *24 the manufacturer of a product is presumed to have knowledge of the defect. George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432 (1905); Moreno’s Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Harris v. Bardwell, 373 So.2d 777 (2nd Cir.1979); Vance v. Emerson, 420 So.2d 1032 (5th Cir.1982). Thus, where a manufacturer fails to declare the vice to the buyer and the buyer could not have discovered the vice by ordinary inspection, the prescriptive period for an action in redhibition or in quanti minoris is that provided by Civil Code Article 2534, i.e., one year from the date of discovery of the vice.
Appellee argues on appeal that the jurisprudential presumption of knowledge by the manufacturer is a legal fiction contrary to our civil tradition. We do not appreciate the significance of this historical interpretation of the Civil Code nor do we believe that we can stray from this well established rule. The established facts are the plaintiff discovered the defect in October of 1982 and filed suit against the manufacturer in July 1983. Under these facts, the present statutory provisions and the interpretation of same by the courts of Louisiana, plaintiff’s claim was timely asserted within one year of discovery of the defect.
Accordingly, the ruling of the trial judge as to the defendant manufacturer is reversed and set aside and the case remanded for trial on the merits. All costs of the appeal are to be borne by General Motors.
REVERSED, SET ASIDE AND REMANDED.