307 So.2d 404 (1975)
Dora F. SOKOL
v.
BOB McKINNON CHEVROLET, INC.
No. 6596.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
*405 Glenn L. Morgan, New Orleans, for plaintiff-appellee.
Deutsch, Kerrigan & Stiles, Robert E. Kerrigan, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SAMUEL, Judge.
This is an action to rescind the sale of an automobile for redhibitory vices and defects, for judgment in the amount of the purchase price, and damages and attorney's fees. When no answer was filed by the defendant, a default judgment was taken timely and plaintiff was awarded judgment decreeing avoidance of the sale, restitution of the purchase price, expenses in the amount of $87.40, attorney's fees of $500, and legal interest thereon from date of the surrender of the automobile until paid. The defendant has appealed. Defendant also filed a petition to annul the judgment, but there has been no trial of that action, and the appeal is the only matter now before us.
The evidence on which the judgment is based is the testimony of plaintiff, a copy of the certificate of title, and a copy of the car order. On October 30, 1972 she ordered and later purchased a used (1968) automobile from the defendant. The purchase price was $1,475. The vehicle was represented as being equipped with factory air conditioning. She was informed by the salesman it did contain such air conditioning, that fact is indicated on the sales order, she would not have purchased the automobile otherwise, and the cost of the air conditioning is included in the purchase price. This was her first purchase of an automobile and although she was unfamiliar with mechanical details she did notice the automobile had vents, which she assumed was for the air conditioning. She returned the vehicle to the defendant to be "fixed," six months after the purchase when, after a change in the weather, she was unable to cool her car. At that time she was informed, and learned for the first time, that the car was not equipped with air conditioning. Thereafter she spent about $100 for cleaning, clothes and makeup due to perspiration caused by the lack of air conditioning.
In this court defendant contends: (1) plaintiff failed to allege and prove tender or offer to return the purchased car, an essential element in a redhibitory action; (2) no proof was offered that the alleged defect was not apparent on ordinary inspection at the time of the sale; (3) the award for attorney's fees and damages was improper in the absence of proof of the value thereof; (4) confirmation of the default *406 judgment was erroneous because the proof offered was insufficient to sustain a judgment; (5) the defendant should not be penalized because of the oversight of its counsel in failing to answer the suit timely; and (6) plaintiff's counsel violated the Code of Professional Responsibility by failing to inform defendant counsel he intended to take a default.
We agree with the first contention. Nowhere in the pleadings nor the evidence adduced is it alleged or shown that plaintiff had tendered the property back to the defendant or offered to restore the status quo prior to rendition of judgment. That a tender or offer to return the thing sold and a restoration of the status quo is a condition precedent to the maintenance of the redhibitory action is well settled in our jurisprudence.[1]
However, in view of the fact that the evidence establishes plaintiff paid for and should have received a factory air-conditioned vehicle, under Civil Code Article 2543, which provides that in a redhibitory suit "the judge may decree merely a reduction of the price", we will treat this action as one in quanti minoris.[2]
Inasmuch as we have determined plaintiff is not entitled to redhibition, as she was told by defendant's employees the car contained the air conditioning, and as she paid for the same, we find it unnecessary to discuss the second contention.[3]
We do not agree with defendant's third contention. Insofar as damages are concerned, Civil Code Article 2545 provides: "The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages." The trial court's award of damages is supported by evidence, sufficient to justify that award, that plaintiff did incur expenses and inconveniences as a result of the lack of air conditioning which defendant knew or should have known was not installed in the vehicle.
Insofar as concerns an absence of proof of the value of the attorney's services to sustain the award therefor, it is true there is no evidence regarding the value of the legal services performed. However, plaintiff's attorney did file the suit on her behalf and did complete the matter to judgment.
There are many factors which enter into the fixing of an attorney's fee. While there is no specific formula and each case rests on its own facts, generally the considerations are: the responsibility incurred; the extent and nature of the work performed; and the legal know-how, attainments and skill of counsel.[4] Expert testimony may be used as a guide but it is not necessarily controlling.[5] Of particular importance here is the rule that where the services are rendered under the eyes of the *407 court, the trial judge is fully able to estimate and adjudge the value thereof.[6]
Relative to defendant's fourth contention, our settled jurisprudence is that, in order to recover, a plaintiff who seeks a judgment by default must make his claim with legal certainty and must prove the essential allegations of his petition as fully as if they had been specially denied.[7]
On confirmation of the default judgment the uncontradicted testimony of plaintiff, supported by the documentary evidence, while not sufficient to support a judgment for redhibition because of failure to establish tender, is ample to maintain a judgment in quanti minoris.[8]
We also do not agree with defendant's fifth and sixth contentions. Defendant asked for and the court granted a 30 day extension of time to file responsive pleadings. While there is evidence the attorneys did have some discussions prior to judgment, there is no evidence that such discussion concerned the need for additional time beyond the extension granted. The record does not reflect plaintiff's attorney misled or attempted to mislead his opposing counsel, nor is there any evidence of ill practices. Nor do we feel a default judgment should be set aside simply because a defendant may be penalized as the result of an oversight on the part of his counsel. To so hold would cast serious doubt on the validity of many, if not all, such judgments.
For the reasons assigned, the judgment appealed from is affirmed in part and annulled and set aside in part. That part of the judgment which orders the avoidance of the sale and restitution of the purchase price of $1,475, with interest from date of surrender of the automobile,[9] is annulled and set aside; those parts of the judgment which award plaintiff expenses in the sum of $87.40 and attorney's fees in the sum of $500 are affirmed; and the matter is remanded to the trial court for further proceedings solely for the purpose of determining and awarding a proper reduction in the purchase price of the automobile in suit. Interest on the judgment is to run from date of judicial demand. All costs in both courts are to be paid by the defendant-appellant.
Affirmed in part; annulled and set aside in part; remanded.
NOTES
[1] Pursell v. Kelly, 244 La. 323, 152 So.2d 36; Tucker v. Central Motors, 220 La. 510, 57 So.2d 40; Beneficial Finance Co. of New Orleans v. Bienemy, La.App., 244 So.2d 275; Zibilich v. Metry Upholstery, Inc., La.App., 148 So.2d 436; Womack v. Lafayette Furniure Co., La.App., 50 So.2d 843.
[2] Ingersoll v. Star Chrysler, Inc., La.App., 234 So.2d 85; See Gauche v. Ford Motor Company, La.App., 226 So.2d 198; Pursell v. Kelly, supra, footnote 1; See aso LSA-C.C.P. Art. 2164, which confers on us the right and duty to render any judgment which is just, legal and proper upon the record on appeal.
[3] In pertinent part, LSA-C.C. Art. 2547 provides: "A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud . . ."
[4] Henriques v. Vaccaro, 218 La. 1020, 51 So. 2d 611.
[5] Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51; Peltier v. Thibodaux, 175 La. 1026, 144 So. 903.
[6] Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; Travelers Insurance Company v. Jenkins, La.App., 285 So.2d 839; Watkins v. Abshire, La.App., 108 So.2d 666; Williams v. Ralph R. Miller Shows, La.App., 17 So.2d 67.
[7] Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162; McCarthy v. Plaisance, La.App., 286 So.2d 454; Calvert Fire Insurance Company v. Felton, La.App., 244 So.2d 311; Gauche v. Ford Motor Company, supra, footnote 2; Wall v. sun Insurance Company of New York, La.App., 189 So.2d 713.
[8] See Dodd v. Schell, La.App., 207 So.2d 807.
[9] It should be noted that the automobile was not surrendered.