377 So.2d 901 (1979)
Jacquelyn Abernathy, wife of/and Joseph W. RAUSCH
v.
Mrs. Lydia B. HANBERRY.
No. 10378.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
Rehearing Denied December 17, 1979.
Malcolm A. Meyer, Metairie, for plaintiffs-appellants.
Levy, Marx, Lucas & Rosen, Dwight W. Norton, New Orleans, for defendant-appellee.
Before BOUTALL, GARRISON and CHEHARDY, JJ.
CHEHARDY, Judge.
This is an appeal from a judgment dismissing on an exception of prematurity an action in redhibition because plaintiffs failed to tender return of the residence they alleged contained vices and defects sufficient to warrant rescission of the sale or relief in quanti minoris.[1]
*902 Plaintiffs-appellants, Joseph W. Rausch and his wife, Jacquelyn Abernathy Rausch, allege in their petition that they purchased a residence at 311 Magnolia Drive in Metairie, Louisiana, from defendant, Mrs. Lydia B. Hanberry, on May 3, 1977, for $70,000; that on May 3, 1978, the lower floor of their residence was flooded with 18 inches of water causing damage to the building and the furnishings; that defendant knew but did not tell plaintiffs of the proclivity of the residence to flood; that defendant made misrepresentations about the quality of the residence; and that as a result the property is useless to petitioners or in the alternative there should be a reduction in purchase price of $60,000 and C.C. art. 2545 damages of $80,000 plus attorney fees.
Defendant Hanberry, through counsel, filed exceptions of prematurity, no right of action, no cause of action and prescription.
Determining that plaintiffs' action was one in redhibition, the trial court maintained the exception of prematurity because of plaintiffs' failure to tender the property back to vendor.
The pleadings do not allege and there was no evidence introduced to show that plaintiffs tendered the property to defendant prior to suit.[2] This court stated in Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404, 406 (La.App.1975):
"* * * That a tender or offer to return the thing sold and a restoration of the status quo is a condition precedent to the maintenance of the redhibitory action is well settled in our jurisprudence."
The trial court properly maintained the dilatory exception of prematurity; however, dismissal of the action in redhibition should have been without prejudice. C.C.P. art. 926 lists prematurity as one of the dilatory exceptions and C.C.P. art. 933 Official Revisions Comment (c) points out a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiffs' right to bring the action anew must be maintained. See Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App.3d Cir. 1976).
As to the quanti minoris relief sought, this demand was not premature. In Sokol, this court held that tender to return the object sold while a condition precedent to an action in redhibition is not required to maintain an action in quanti minoris. Discussing this point in that decision the court stated at page 407:
"On confirmation of the default judgment the uncontradicted testimony of plaintiff, supported by the documentary evidence, while not sufficient to support a judgment for redhibition because of failure to establish tender, is ample to maintain a judgment in quanti minoris."
The scope of this appeal is a review of the propriety of maintaining the exception of prematurity, the only matter adjudicated by the trial court.
For the reasons assigned, the judgment appealed from is reversed insofar as it dismisses plaintiffs' action in quanti minoris; amended to decree that dismissal of the action in redhibition is without prejudice, and as amended, affirmed; and remanded for further proceedings consistent with the views we have expressed in this opinion. Costs should be assessed after trial on the merits.
REVERSED IN PART; AMENDED IN PART; AND REMANDED.
NOTES
[1] While the relief demanded in the prayer alludes to damages in quanti minoris plus the bad faith sanctions stipulated by C.C. art. 2545, allegation 10 indicates redhibition is also an object of the suit. We quote:

"The defective plumbing and proclivity of the residence to flood is such a vice or defect as to render the property useless to petitioners [indicating a C.C. art. 2521 premise] or in the alternative, made the residence worth much less than the purchase price, which reduction in the purchase price petitioners estimate to be SIXTY THOUSAND AND NO/100 ($60,000.00) DOLLARS [suggesting C.C. art. 2541 quanti minoris relief]." (Emphasis added.)
[2] C.C.P. art. 930 permits introduction of evidence on the trial of a dilatory exception.