393 So.2d 915 (1981)
Homer P. COFFIN
v.
Herman LABORDE.
No. 11546.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Writ Refused March 2, 1981.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Parker LeCorgne, New Orleans, for plaintiff-appellant.
*916 Muller & Jumonville, Martha L. Jumonville, Mandeville, for defendant-appellee.
Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Plaintiff, Homer P. Coffin, appeals a district court decision in favor of defendant, Herman Laborde, maintaining his exception of prematurity and dismissing the plaintiff's action asking for a reduction in the price of the home he purchased from the defendant.
At a hearing on the exceptions in the trial court it was established Coffin bought the subject home from Laborde on June 28, 1979. Both Mr. and Mrs. Laborde testified they had no reason to believe there was anything wrong with the sewerage of the home at the time of the act of sale and that they did not become aware of the problems experienced by the Coffins until they were notified by the real estate agent in October of 1979.
Coffin testified he and his wife moved into the home on July 7, 1979 and that five days later one of the toilets overflowed when it was flushed. He then called a plumber who resolved the problem. Coffin said that on August 28, 1979 he was informed by his wife by telephone there had been another overflow and at that time he attempted to get the new telephone number of the Labordes from the telephone company. He testified he then had the problem repaired again by a plumber.
LSA-C.C. art. 2531 states:
"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, of if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
LSA-C.C. art. 2544 provides:
"The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action."
It is noted by appellant, citing the case of Wiltz v. Dixie Auto Sales, Incorporated, 315 So.2d 811 (La.App. 3d Cir. 1975), at page 814:
"A tender for repair is required before suit in redhibition can be instigated. LSA-C.C. art. 2531; Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1 Cir. 1973); Slay v. Ater, 305 So.2d 691 (La.App. 3 Cir. 1974). And see Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973), which was legislatively overruled by the 1974 amendment to LSA-C.C. art. 2531.
"A tender is not required where it is not possible or where vendor has done some act, or made some declaration which demonstrates that a formal offer to return the thing sold would have been fruitless. Alan Randal Company v. Quality Oil Company, 100 So.2d 282 (La.App. 1 Cir. 1958); Slay v. Ater, supra. * * *"
In the present case, however, the trial court judge said, in giving his reasons for judgment from the bench:
"There was no attempt to make a tender according to the testimony of Mr. Coffin. He attempted to find out the telephone number and the location of the party. He did not say whether he went to the source of the connection between the two parties, the Grady Harper Real Estate people, who according to the testimony of the LaBordes had the address and could get in touch with them. Obviously somebody got in touch with them right after that."
*917 The district court judge's conclusion of fact on this issue is supported by the record, and we cannot find that manifest error required to disturb it.
The issue presented to this court therefore is whether to succeed in an action for a reduction of price a buyer must first present evidence that he has tendered the thing to the seller for repair, remedy or correction and that the seller has failed to correct the vices as required in an action of redhibition.
We hold this is not a requirement where the action is only one in quanti minoris, Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir. 1979). The cases cited by the plaintiff in support of this contention, including Johnson v. H. W. Parson Motors, Inc., 231 So.2d 73 (La.App. 1st Cir. 1970), and Bendana v. Mossy Motors, Inc., 347 So.2d 946 (La.App. 4th Cir. 1977), all involved factual situations which arose prior to the passage of the 1974 amendment to LSA-C.C. art. 2531, although in each of the above-cited cases the rule was reiterated that although an opportunity to repair is a prerequisite to a buyer's maintenance of an action of redhibition, there is no such prerequisite to maintaining an action in quanti minoris. We note these cases are distinguishable on the facts in that regard; however, the above cases were, at the times rendered, following the already established jurisprudential rule that an opportunity for repair must be afforded the vendor before an action in redhibition can be maintained, and under that theory the courts saw fit to distinguish such an action from one of quanti minoris, not demanding the prerequisite of opportunity of repair to the latter. The 1974 amendment was merely a legislative restatement of prior appellate jurisprudence which was passed to overrule the case of Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973), which contrarily held that there was no requirement that a purchaser who seeks redhibition must first give his vendor the opportunity of repair. Wiltz v. Dixie Auto Sales, Incorporated, supra.
We hold, therefore, that the seller's right to opportunity of repair, as set forth in the 1974 amendment to LSA-C.C. art. 2531, applies only to actions of redhibition and that, in accordance with jurisprudence prior to that amendment, as well as Rausch v. Hanberry, supra, an action in quanti minoris carries no such prerequisite for its maintenance.
Accordingly, the district court judgment on the exception of prematurity, dismissing the plaintiff's case, is hereby annulled and this action is remanded for trial on the merits of the case, costs to await the final disposition of this matter.
ANNULLED AND REMANDED.
STOULIG, Judge, concurring.
I concur.
As stated in the majority opinion the failure to tender for repairs may defeat an action in redhibition but is not a prerequisite for a suit in quanti minoris. Appellant had the duty to mitigate his damages which could be accomplished only by the immediate repairs to the dwelling to make it habitable and avoid additional damages to the premises. His failure to timely notify and grant the opportunity to repair is attributable to plaintiff's inability to locate the defendant.