426 So.2d 230 (1983)
Robert D. BOENEKE, et al.
v.
W.D. TROTTER.
No. 82 CA 0446.
Court of Appeal of Louisiana, First Circuit.
January 5, 1983.
Rehearing Denied February 17, 1983.
William Janney, Baton Rouge, for plaintiffs.
Jerry Finley, Denham Springs, for defendant.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs-appellants, Robert Darrel Boeneke and Marie C. Boeneke, purchased a 1974 Wellcraft V-20 boat from defendant-appellee, W.D. Trotter, for the sum of $4,000.00. After purchasing the boat the Boenekes allegedly discovered a hidden defect, namely, a rotted-out transom.
Petitioners' amicable demand for reduction of the purchase price was refused and they instituted an action in quanti minoris. Their petition was met with an exception of prematurity based on Civil Code Article 2531 in that the boat had not been tendered for repairs prior to the filing of suit. The trial judge held that the suit was premature because defendant had not been given the opportunity to repair.
This matter is now before this court on plaintiffs' specification of error that the trial court incorrectly held that their suit was premature. Thus, the only issue presented on this appeal is whether Civil *231 Code Article 2531 mandates that a buyer of an allegedly defective product tender it to the seller for repair prior to instituting an action for a reduction of the sales price. We hold that it does not.
Although Civil Code Article 2544 provides that actions in redhibition and reduction of price are subject to the same rules and limitations, the courts of this state have consistently held that tender for repair is not a prerequisite to an action for reduction of price. Coffin v. Laborde, 393 So.2d 915 (La.App. 4th Cir.1981), writ denied 396 So.2d 1349 (La.1981); Dunn v. Pauratore, 387 So.2d 1227 (La.App. 1st Cir.1980); Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir.1979); Sokol v. Bob McKinnon Chevrolet, Inc., 307 So.2d 404 (La.App. 4th Cir.1975).
Inasmuch as the petition herein was one for reduction of the sale price and not one in redhibition, petitioners did not have to tender the thing to defendant for repairs, remedy or correction of the vices of the thing sold.
The suit for reduction of the sales price was not premature and defendant's exception should have been denied.
The judgment of the trial court is reversed and the matter remanded to that court for the purpose of trial on the merits. Appellee is cast with the costs of this appeal, with all other costs awaiting final disposition of the matter.
REVERSED AND REMANDED.