453 So.2d 304 (1984)
Glynn A. LONG
v.
PANTHER AIRBOAT CORPORATION.
No. 83CA0962.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*305 Charles S. Long, Donaldsonville, for plaintiff Glynn A. Long appellant.
James A. Marchand, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for defendant Panther Airboat Corp. appellee.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
This is a redhibitory action to rescind the sale of an airboat. Plaintiff, Glynn A. Long, appeals the trial court's judgment which reduced the price rather than rescinding the sale. Defendant, Panther Airboat Corporation, timely answered the appeal, alleging that the trial court erred in finding jurisdiction over Panther, in finding a redhibitory defect in the award of attorney's fees and in the assessment of court costs.

FACTS
Plaintiff became interested in purchasing an airboat from defendant upon reading an advertisement in "Ducks Unlimited," a national magazine. After several telephone conversations with Allen Gaffney, general manager of defendant corporation, in Cocoa *306 Beach, Florida, plaintiff purchased an airboat. It was delivered on the night of August 4, 1982, by trailer truck to Gonzales.
When plaintiff was unable to start the boat the following day, he called Gaffney. Gaffney instructed plaintiff to have the boat put into working order by a qualified mechanic and to send the bill to the company.
The boat was repaired, but did not run well when plaintiff tested it. Another telephone call was made to Gaffney with the same results. The boat remained in the shop for ten days the second time.
Apparently satisfied with the repairs, plaintiff and his son took the boat out to construct duck blinds in the marsh on August 28, 1982. At some point, plaintiff ran the boat about halfway up on a sandbar. When he was ready to leave, he gave the boat a hard left rudder and full throttle. A loud noise was heard and it was discovered that the motor had pulled off its mount. The boat was totally disabled, forcing plaintiff and his son to walk out of the marsh.
Plaintiff again contacted Gaffney and informed him of the incident. He was told to ship the boat back to Florida where it would be repaired free of charge if defendant found that the damage had been caused by a defect. Plaintiff refused this offer and demanded the return of his money. Gaffney refused. This suit followed.
In his petition, plaintiff sought to recover the purchase price of the boat and trailer, repair work done before the accident, and damages for mental anguish, pain and suffering caused by exposure in the marsh.

ACTION OF THE TRIAL COURT
After suit was filed, defendant filed a peremptory exception challenging the court's jurisdiction. A hearing on the exception was held and the trial court found that it had personal jurisdiction over defendant. Therefore, the motion was overruled.
At the conclusion of the trial, the court took the matter under advisement. Briefs were filed on behalf of both parties. The trial court rendered judgment awarding plaintiff $1528.50, attorney's fees of $1400.00, and expert witness fees of $750.00 each ($1500.00 total) to be cast as additional costs, with all costs to be paid by defendant.
Subsequently, each party filed a motion for a new trial. Both were denied. Plaintiff appealed the judgment and defendant answered the appeal.

ASSIGNMENTS OF ERROR
Plaintiff alleges that the trial court erred in:
1. finding there was only a partial failure of consideration, and therefore granting a reduction in price rather than a rescission of the sale;
2. failing to conclude that plaintiff would not have purchased the boat had he known of the motor mount defect;
3. that the determination of the amount of the reduction was wrong because damage to the engine was not considered; and
4. failing to award damages for plaintiff's mental anguish and inconvenience caused by being stranded in the marsh for three hours.
Defendant, by answer, alleges that the trial court erred in:
1. awarding attorney's fees of $1400.00 to plaintiff;
2. awarding all court costs and expert witness fees to plaintiff;
3. finding jurisdiction over the person of the defendant; and
4. in finding there was any defect in the airboat.

DEFENDANT'S ASSIGNMENT OF ERROR NO. 3
We will first consider the allegation that the trial court lacked personal jurisdiction over the defendant since an affirmative resolution of that issue could render moot the remaining issues.
*307 We find that defendant had sufficient contacts with Louisiana to give the trial court personal jurisdiction. The following facts set forth the nature of defendant's contacts with the state. Plaintiff knew several local people who owned Panther airboats. Defendant had a dealer/distributor in Belle Chasse, Louisiana, who had several Panther airboats on his lot and who advertised Panther airboats in the local newspaper. (A copy of which is in the record.) Defendant mailed brochures to plaintiff.
L.S.A.-R.S. 13:3201 states:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
"(a) transacting any business in this state."
"The purpose of the long arm statute is to extend personal jurisdiction of Louisiana courts over nonresidents to the full limits of due process, i.e., to any nonresident who has had `minimal contacts' in the state. This section must be liberally interpreted in favor of finding jurisdiction." Thompson v. Great Midwest Fur Company, 395 So.2d 840 (La.App. 1st Cir.1981).
The facts previously outlined clearly show that defendant was transacting business in this state within the meaning of La.R.S. 13:3201(a). Defendant deliberately placed airboats in the state through its dealer with the intent to make a profit. When defendant negotiated the sale to plaintiff, the intent was to make a profit. Brochures were mailed to plaintiff to further interest him in purchasing a boat. Thus, we find that defendant had sufficient minimal contacts within the state for a Louisiana court to exercise personal jurisdiction over defendant.

PLAINTIFF'S ASSIGNMENTS OF ERROR

I.
Plaintiff alleges that the trial court erred in finding only a partial failure of consideration and thus granting a reduction in price rather than rescission of the sale. L.S.A.-C.C. art. 2543 provides that a "judge may decree merely a reduction of the price" in a suit for redhibition, if the evidence establishes only a partial failure of consideration. Therefore, the trial judge has the discretion to grant the buyer a reduction rather than rescission. Cloud v. Huffman Motor Company, Inc., 416 So.2d 266 (La.App. 3rd Cir.1982), rehearing denied July 21, 1982. Plaintiff paid $5,795.00 for the airboat and trailer. The maximum cost of repair, after the accident or incident, proved by plaintiff was less than one-fourth of the purchase price or $1,400.00. The record does not reflect any damage to or defect in the hull or the trailer. Given these facts, we would not be inclined to rescind the sale. We find that the trial judge did not abuse his discretion.

II.
Plaintiff further alleges that the trial court erred in failing to conclude that he would not have purchased the airboat had he known of the defect. "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it, had he known of the vice." L.S.A.-C.C. art. 2520.
The trial judge concluded that the airboat was defective, but apparently further concluded that the defect did not render it absolutely useless or so inconvenient that a buyer would not have purchased it. This determination is a question of fact to be decided by the trier of fact. See Cloud v. Huffman Motor Company, Inc. supra. Therefore, we must affirm the trial court's refusal to rescind the sale as requested by plaintiff.

III.
Plaintiff argues that the trial court erred in determining the proper amount of the reduction because damage to the engine was not included.
*308 Evidence was presented at the trial that it would cost approximately $1200-$1400 to repair the damage to the structural components and propellors of the airboat. Plaintiff also proved that he had spent $128.50 on repairs to the airboat prior to the accident. No evidence was presented regarding the amount of damage and cost of repair to the engine.
The trial court awarded judgment in favor of plaintiff in the amount of $1528.50. This amount represents the maximum amount of damages which plaintiff proved. We find no error in the trial court's determination of the amount of the reduction.

IV.
Finally, plaintiff alleges that the trial court erred in not granting damages for mental anguish and inconvenience resulting from plaintiff being stranded in the marsh for three hours. Damages for mental anguish and inconvenience are not compensable in an action for redhibition where the object of the contract was not for intellectual enjoyment. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), and Robertson v. Coleman Oldsmobile, Inc., 451 So.2d 1323 (La.App. 1st Cir.1984). Thus the trial court was correct in refusing to grant damages for these claims.

DEFENDANT'S ASSIGNMENTS OF ERROR

I.
Defendant asserts that the trial court erred when it granted plaintiff $1400.00 for attorney's fees. Defendant argues that the attorney's fee award is out of proportion to the amount of damages awarded and is an abuse of the trial court's discretion.
The trial judge has much discretion in determining the amount of attorney's fees. See Cox v. Moore, 367 So.2d 424 (La.App.2d Cir.1979), rehearing denied Feb. 28, 1979, writ denied, 369 So.2d 1364 (La.1979). Here, plaintiff introduced uncontroverted testimony that his attorney had worked thirty-five hours on the case and that his usual fee was $40-$50 per hour. The amount awarded was the lesser of the two figures. Thus, the attorney's fee award was based on time expended, not on the amount of the award.
Although the amount of attorney's fees was more than is usual in this type of case, we cannot say that the trial court abused its discretion.

II.
Defendant also contends that the trial court erred in awarding all court costs and expert witness fees to plaintiff. The basis of this argument is that defendant offered to settle the case for approximately the same amount as the trial court judgment.
The trial judge has discretion in assessing costs. La.C.C.P. art. 1920. As a general rule, costs are taxed to the losing party. Ashley Enterprises, Inc. v. Esplanade Plaza Co., 425 So.2d 1010 (La.App. 5th Cir.1983), rehearing denied Feb. 17, 1983, writs denied, 432 So.2d 270 (La.1983).
There has been no showing that the trial court abused its discretion. Further, defendant is clearly the losing party herein. This argument is without merit.

III.
Defendant's third assignment of error has previously been considered in this opinion.

IV.
Finally, defendant alleges that the trial court erred in finding there was a defect in the airboat.
Whether there was a defect in the airboat was a question of fact which had to be determined by the trier of fact. Ball v. Ford Motor Company, 407 So.2d 777 (La. App. 1st Cir.1981). Absent manifest error, the trial court's findings of fact are not to be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973), rehearing denied, Oct. 26, 1973.
*309 The evidence reflects that when plaintiff suddenly applied full throttle to the airboat, the engine mounting bolts tore loose. Several theories were propounded as to the cause of the mishap; however, the mere fact that the bolts dislodged under ordinary full throttle acceleration is proof in itself of a vice or defect.
Defendant contends the product was abused because plaintiff allowed some object to fly into the propeller of the airboat. The record reflects that defendant's design provides for wire mesh protection of the propeller. The purpose of this protection is to prevent objects from flying into or being sucked into the propeller. If an object did fly into the propeller, causing the damage, it was a result of defective protection for the propeller.
We find, as did the trial court, that the airboat was defective.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs at the trial court level are as assessed by the trial court. Costs of this appeal are to be shared equally by plaintiff and defendant.
AFFIRMED.
COLE, J., respectfully dissents, believing plaintiff is entitled to a rescission of the sale and the return of the purchase price.