451 So.2d 1323 (1984)
Robert ROBERTSON
v.
COLEMAN OLDSMOBILE, INC., et al.
No. 83 CA 0886.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1324 Stephen M. Irving, Baton Rouge, for Robert Robertson.
Robert L. Kleinpeter, Baton Rouge, for Coleman Oldsmobile Inc.
Shirley A. Nassif, New Orleans, for Volkswagen of America Inc.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is a redhibition suit which was filed by Robert Robertson, plaintiff, against Coleman Oldsmobile, Inc. and Volkswagon of America, Inc., Porsche-Audi Division, defendants, to recover the purchase price, incidental expenses and damages in connection with his purchase of a new 1980 Porsche 911 SC automobile from Coleman Oldsmobile, Inc. in Baton Rouge, Louisiana. Coleman promptly filed a motion for summary judgment of dismissal on the grounds that the automobile was never returned to Coleman for service or repairs and it was never made aware of any defects. The motion for summary judgment was denied, and Coleman filed responsive pleadings, denying any defect, denying that the car had been tendered and asserting offset for use. Volkswagon answered the petition, alleging that any such defects, if any, were due to abusive use of the automobile by the plaintiff. Thereafter, Coleman third partied Volkswagon for indemnification *1325 and contribution in the event Coleman was cast in judgment. Volkswagon responded with a third party demand against Coleman, asserting any defect was due to the negligence or fault of Coleman.
The vehicle in question was acquired by the dealer from Volkswagon in March or April of 1980. Subsequently, the car broke down while being test driven by one of the dealer's mechanics. It was determined that repairs were needed on the differential or rear-end of the car. Because of the delay in obtaining parts to make the necessary repairs, about one year elapsed before the car was repaired.
On May 21, 1981, Robertson purchased the automobile from Coleman after the mentioned repairs had been made. The record shows that the sale was made after disclosure to the buyer of the work on the rear-end of the car, with the service receipts being given to Robertson. At the time of the sale, the car was the previous year model and was of an amethyst or purple color (which was considered a "difficult color to sell"), so the dealer reduced the price from the list price of approximately $33,000 to the sum of $29,000.
Thereafter, Robertson brought the vehicle to River Road Porsche-Audi several times for maintenance and repairs. On June 15, 1981, the car was brought to River Road for the 1000 mile check-up and scheduled maintenance and minor adjustments to the cooling fan and the sunroof. The odometer read in excess of 1800 miles. Two weeks later Robertson returned to River Road complaining of hard shifting into fifth gear and of the cruise control. The odometer reading was about 2900 miles. The next service order was dated July 29, 1981, when the plaintiff returned to River Road complaining of noise when shifting into first gear and squealing belts. The mileage at that time was about 4600 miles.
It was on this occasion that River Road dismantled the transmission and found that one of the gear teeth was broken off. The last repair order is dated August 24, 1981, for repair of the clutch. The odometer registered in excess of 5300 miles. At the time of the trial, the vehicle had in excess of 9000 miles.
After trial on the merits, the trial court rendered judgment in favor of the plaintiff, reducing the price and awarding attorney fees, and in favor of Coleman on its third party demand against Volkswagon. Thereafter, an amended judgment was rendered in favor of plaintiff and against Coleman and Volkswagon in solido in the amount of $2,382.00, plus interest and attorney fees. The judgment further cast the defendants for costs. The court also rendered judgment in favor of third party plaintiff, Coleman, and against Volkswagon for indemnification for the amount for which Coleman was cast in judgment, plus attorney fees and costs. The third party demand of Volkswagon was dismissed.
In his reasons for judgment, the trial judge stated:
The law provides, of course, that a manufacturer is responsible for its products. The law further provides that a dealer is responsible for the sale of products. If it had no knowledge of the problems, then it can only be held for return of the purchase price or a reduction of the price. The preponderance of the evidence in this case indicates that there was some problem, of course, with this vehicle. It just didn't happen. Although the evidence is sketchy, the Court holds that there was a problem with the transmission at its manufacturing time and therefore the manufacturer is responsible. The Court has not been convinced by a preponderance of the evidence that Coleman Oldsmobile had knowledge of the problem. Of course, River Road is not a party to this suit. River Road did testify that it did some of the warranty work on the vehicle. There were certain facts which some of the witnesses indicated that it might, River Road might be responsible for this matter, but River Road is not a party to this suit. The representative from River Road did state that the automobile was in a rough condition. There was an indication that possibly *1326 not all of the problems existing with the automobile were as a result of this transmission difficulty. This is a vehicle with a large purchase price. The Court is of the opinion that in this case the appropriate remedy is a reduction of the price.
Under Article 2520 of the Louisiana Civil Code, a buyer is entitled to recision of the sale if the defect in the thing bought is such as to render it useless or inconvenient to the point that a reasonable buyer would not have bought it in that condition. Peterson v. Coleman Oldsmobile, Incorporated, 393 So.2d 372 (La.App. 1st Cir.1980).
The record does not establish a non-apparent defect in the car existing before the sale with regard to the differential so as to render it useless or imperfect to a great degree where an informed buyer would not have made the purchase. The buyer was fully apprised of the repair to the differential, and the evidence does not show that the differential played any part in the problems with regard to the transmission. The record supports the trial court's finding that there was a problem with the transmission at the time of its manufacture, which was a non-apparent defect. The evidence conclusively shows that the differential and transmission are connected but are separate component parts or units of the automobile. Robertson testified that he experienced transmission problems from the time he first drove the automobile.
The overall circumstances reflected by the record in the instant case, particularly the extended usage of the vehicle, support our finding that the defects, particularly with regard to the transmission, were those diminishing the utility of the car rather than those rendering it "useless or imperfect" to a non-purchaseable degree. The defects cannot be considered of the magnitude necessary for a recision of the sale. However, the evidence does show that there was a partial failure of consideration in that the utility of the vehicle was diminished because of the defective transmission. Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir. 1975). In instances where there has been a partial failure of consideration, the court is authorized to grant a reduction in the purchase price rather than a recision. LSA-C.C. art. 2543; Welch v. Community Motors, Inc., 422 So.2d 1196 (La.App. 1st Cir. 1982), writs denied 426 So.2d 177, 181 (La. 1983). Accordingly, we find no manifest error in the trial court's conclusion that the latent defective transmission was a manufacturing defect entitling the plaintiff to a reduction of the price.
Next, the plaintiff contends that the trial court erred in excluding evidence of emotional distress. There is no merit to this contention. The object of the contract by which plaintiff purchased the car from Coleman was not the intellectual gratification of the purchaser; thus nonpecuniary damages, such as emotional distress, as a consequence of nonfulfillment of that object are not recoverable. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La. 1976).
Further, the plaintiff argues that the trial court was in error in not awarding him damages for loss of use of his vehicle. There is no merit in this contention. As pointed out above, the plaintiff is entitled to a reduction in price of the Porsche against Coleman and Volkswagon.
One of the principal factors is the cost of repairing the defects. Depending on the circumstances, this may be the only item to consider. However, where warranted, the court may include in the judgment the difference between the sales price and the price that a reasonable buyer and seller would have agreed upon had the defect been known to them at the time of the sale. Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th Cir.1974), writ denied 303 So.2d 186 (La.1974).
In the instant case the evidence reveals that the vehicle was repaired several times under warranty at no cost to Robertson. As stated, the trial court found that an award should be made for the cost of repairing the transmission, which was fixed *1327 at $2,382.00. We cannot say that it was clearly wrong in this respect. In view of such finding and the fact that this vehicle had been driven some 9000 miles by the plaintiff at the time of the trial, and the other factors discussed above, we are convinced that the plaintiff's recovery should be limited to the monetary damages actually proved. Cloud v. Huffman Motor Company, 416 So.2d 266 (La.App. 3rd Cir.1982). Cloud does not make an award for "loss of use" as plaintiff suggests on appeal. The Court in Cloud awarded the plaintiff a sum for "loss of income" during "down time" on a tractor truck which he used in his business of hauling sand and gravel. Robertson has established no such damages in the case at bar.
The next issue presented by the plaintiff is whether the trial court erred in excluding opinion testimony of Virgil Davis, Jr., the used car manager of Coleman Oldsmobile, Inc. We do not believe this was error inasmuch as Davis was not qualified as an expert; and as a lay witness, he is not permitted to express an opinion as to whether the repairs made to the Porsche were the "most extensive necessary" on a new automobile. Taylor v. Roach, 302 So.2d 327 (La.App. 1st Cir.1974). In any event, we find no harm or prejudice sufficient to mandate a reversal resulting from the court's refusal to allow such an opinion in evidence.
Turning now to the issues raised by Coleman on appeal. Coleman objects to having been adjudged solidarily liable with Volkswagon, contending that it was not afforded an opportunity to repair the defective transmission. The trial court treated this matter as an action to reduce the price of the car rather than a recision of the sale. The courts have consistently held that tender for repair is not a prerequisite to an action for reduction of price. See Boeneke v. Trotter, 426 So.2d 230 (La.App. 1st Cir.1983), and the cases therein cited.
Coleman also argues that its attorney fees on its third party demand against Volkswagon should be increased because of the work required in this appeal, having to prepare and file a brief in this Court in this matter.
The return date was August 5, 1983, and the record was lodged on that date. The answer, requesting additional attorney's fees for the work on appeal, was not filed until September 21. Under C.C.P. art. 2133, the answer was not filed timely and we cannot grant the relief requested therein.
Volkswagon objects to having to indemnify Coleman. Having concluded, as did the trial court, that the problems with the Porsche automobile resulted from a manufacturing defect, the dealer is clearly entitled to indemnification under Article 2531 of the Louisiana Civil Code. In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any loss sustained by the seller. Cernigliaro v. Marquis Marine, Inc., 381 So.2d 886 (La.App. 2nd Cir.1980).
For the above reasons, the judgment of the trial court is affirmed. The costs of this appeal are to be shared equally by all parties, one-third to each.
AFFIRMED.