SAVOIE, Judge.
Plaintiffs appeal the trial court’s denial of recovery in a wrongful death action. We affirm.
The facts, which are not in dispute, are as follows. During the late evening of June 18,1982, 53-year old Elbia L. Thomas, defendant, was awakened by the sound of her dog barking and a loud crashing noise coming from her carport. Hearing footsteps coming up the stairs to her kitchen, defendant, who was alone in the house, armed herself with a 32 cal. pistol and went to investigate. Defendant then saw a figure in her darkened kitchen and fired one shot in the general direction of the intruder. Hearing a fall, defendant turned on the light and discovered she had shot her boyfriend, Otis R. Stewart. Upon realizing who she had shot, defendant panicked, ran from the house and called the police. Stewart was pronounced dead at the scene by medical personnel. A police investigation revealed that the house had in fact been forcibly entered from a door in the carport. Defendant testified that she and Stewart had lived together in the past, but were not living together at the time of the shooting. Defendant further testified that although Stewart had a key to the house [1], she kept the door bolted and chained from the inside.
Following the police investigation, no criminal charges were filed against defendant. Plaintiffs[2] then instituted suit for damages for wrongful death and survival action. Named defendants [3] were Elbia L. Thomas, her homeowners liability insurance carrier, Lafayette Insurance Company and Standard Life and Accident Insurance Co., with whom Stewart had a life insurance policy with defendant as his named beneficiary. In addition to damages, plaintiffs also sought to have defendant declared criminally responsible for the death of Stewart and thereby disqualified as a beneficiary under the life insurance policy. After a trial on the merits, the jury, by way of special verdict form, found that the injuries sustained by plaintiffs were not caused by defendant. From this judgment plaintiffs appeal asserting the following specifications of error:
1. The jury was manifestly erroneous and clearly wrong in denying recovery to Appellants.
*689 2. The jury was manifestly erroneous and clearly wrong in finding that the injuries sustained by Appellants were not caused by the conduct of Elbia L. Thomas.
3. The trial court erred in charging the jury regarding justifiable homicide, contributory negligence and assumption of the risk.
4. The trial court erred in permitting appellee to introduce evidence regarding the alcohol contents found in the blood of Otis R. Stewart.
SPECIFICATIONS OF ERROR NOS. 1 & 2
By these specifications of error, plaintiffs contend the jury erred in its findings of fact. We note at the outset that the standard of review to be applied to factual determinations by the trier of fact, whether judge or jury, is that of manifest error. Gulf Wandes Corp. v. Vinson Guard Service, Inc., 459 So.2d 14 (La.App. 1st Cir. 1984), writ denied, 464 So.2d 312 (La.1985). Absent manifest error, the trial court’s findings of fact are not to be disturbed on appeal. Long v. Panther Airboat Corp., 453 So.2d 304 (La.App. 1st Cir.1984).
It is well settled that the approach used by Louisiana courts to determine whether a defendant is liable for a particular injury suffered by the plaintiff is the duty-risk analysis. In order for plaintiff to recover, he must prove: (1) that the act complained of was the cause-in-fact of the accident, (2) that the defendant had a duty, either statutory or non-statutory, to protect this plaintiff against the cause of harm complained of, (3) that the defendant breached this duty to protect this plaintiff, and (4) that the plaintiff was harmed by this breach of the duty owed. Everett v. Louisiana Department of Transportation and Development, 424 So.2d 336 (La.App. 1st Cir.1982).
In the instant case, the trial judge properly charged the jury regarding the duty risk analysis. Following a lengthy dissertation of the elements involved in the analysis, the trial judge gave the following summary:
* This completes my remarks on the law which is applicable to this case. Let me go over briefly some of the important things that you need to remember. The plaintiff has the burden of proving by a preponderance the following elements: 1) the the (sic) injury which he says was suffered was, in fact, caused by the conduct of the defendant; 2) that the conduct of the defendant was below the standards which I have told you are applicable to the defendant’s conduct; 3) that there was actual damage to the plaintiff’s person or property.
Applying this standard, the jury, by way of special verdict form, found that the injuries sustained by plaintiffs were not caused by the conduct of defendant. In essence, the jury found that plaintiffs did not meet the burden of proving cause-in-fact. After reviewing the record, we cannot say that the jury was clearly wrong in its findings. The act complained of was not the cause of the “accident,” but rather the true cause-in-fact was the action of deceased breaking into defendant’s home. Even if we were to assume that the defendant’s actions were a cause-in-fact of the accident, there was no breach of duty. While there existed a duty imposed upon defendant to exercise reasonable care in the protection of her life and home, we hold that her actions under these circumstances were reasonable and did not amount to a breach of that duty. Therefore, these specifications of error are without merit.
SPECIFICATION OF ERROR NO. 3
This specification of error is directed to the trial judge’s charge to the jury. Initially, plaintiffs allege that the judge erred when he charged the jury regarding justifiable homicide[4]. Plaintiffs contend that *690 since this was a civil action, the inclusion of criminal standards were not applicable and its inclusion prejudiced the jury. We do not agree.
Criminal statutes are not, in and of themselves, definitive of civil liability and do not set the rule for civil liability but may be guidelines for the court in fixing civil liabilities. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972). If criminal statutes may be used as a guideline for determining civil liability, a fortiori they may also be guidelines for determining freedom from civil liability. This rationale has been adopted by our brethren in the Fourth Circuit wherein they held that while criminal statutes are not determinative of liability, they are guidelines to consider in deciding whether a particular conduct violates a duty owed to a particular person. Duplechain v. Turner, 444 So.2d 1322 (La.App. 4th Cir.), writ denied, 448 So.2d 114 (La.1984). Further, the court held that standards for determining whether a homicide is justified are applicable to civil suits when a death has ensued. Dupleehain, supra at 1326.
In the case sub judice, the trial judge read the elements of justifiable homicide to the jury upon request of counsel. However, following his recital of the elements the judge addressed the jury as follows:
Now, I point out to you that these are defenses to criminal violations and they deal with those circumstances in which there has been a criminal violation alleged by the district attorney. They are not necessarily applicable in this case. I give them to you simply to advise you that they do exist as legislative standards that have been set out for conduct which would be applicable in the appropriate case.
It is clear from the record that the trial judge’s reading of the criminal statute was merely as a guideline in determining the appropriate standard of conduct, and whether defendant’s actions were justified, and not as the law of the case. As a result, we find no error on the part of the trial judge.
Additionally, plaintiffs contend the trial court erred by including the elements of assumption of the risk and contributory negligence in his charge to the jury. Specifically, plaintiffs claim that these are affirmative defenses which were not specifically pleaded and therefore not applicable.
It is a well established jurisprudential rule that an affirmative defense must be set forth in the answer in such a way that the plaintiff is given fair and adequate notice of the defense and of the fact that evidence will be offered regarding it. Paxton v. Ballard, 289 So.2d 85 (La.1974).
The record reveals that prior to giving the charge to the jury, the trial judge in chambers, explained in great detail to counsel the contents of his intended charge. Furthermore, the trial judge correctly stated that while the magic words “assumption of the risk” and “contributory negligence” were not used in the answer, sufficient facts were pled to give rise to those defenses.[5]
*691 In reviewing the answer filed by defendant, we agree with the conclusion of the trial judge that the facts pleaded therein were more than sufficient to give plaintiffs fair and adequate notice of defendant’s intention to rely on these defenses. Accordingly, the trial judge did not err by including these defenses in his instructions to the jury-
SPECIFICATION OF ERROR NO. 4
This specification of error addresses the trial court allowing the introduction of the blood alcohol content of Mr. Stewart into the record. Plaintiffs called as a witness Dr. Hypolite Landry, coroner for the Parish of East Baton Rouge, in order to establish cause of death. While testifying on direct, Dr. Landry was allowed to refer to and read from the autopsy report. On cross-examination, reference was again made to the autopsy report, this time concerning the blood alcohol level of the deceased. Dr. Landry testified that the results of the blood alcohol tests were contained in his reports. Plaintiffs’ objections to the introduction of this evidence as being irrelevant and immaterial was overruled by the trial judge. Plaintiffs now claim on appeal that the introduction of this irrelevant evidence prejudiced their case.
We find no merit to plaintiffs’ contention. Whether evidence is relevant or not is within the discretion of the trial court and its ruling will not be disturbed absent a clear abuse of discretion. Citizens Bank & Trust Co. v. Consolidated Terminal Warehouse, Inc., 460 So.2d 663 (La.App. 1st Cir.1984).
After reviewing the record we conclude that there was no abuse of discretion on the part of the trial court. As pointed out by the trial judge, the blood alcohol level would be relevant, depending on the degree of intoxication, to negate possible defenses such as assumption of the risk, and thus was clearly admissible.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiffs-appellants are to pay all costs of this appeal.
AFFIRMED.

. Defendant testified that she and Otis Stewart were in business together and that he had a key as a result of their business relation. However, she also testified that she bolted the door every night and that if Mr. Stewart was coming by he would either call first or ring the doorbell.

. Plaintiffs were Mr. Stewart's daughter Sharon Stewart Lavergne, individually and as adminis-tratrix of the Succession of Otis R. Stewart; Dorothy A. Stewart, estranged wife of Otis Stewart, individually and as natural tutrix of his minor children Carol Lenice Stewart and Kenny Ray Stewart; and Gwendolyn Sibley, illegitimate daughter of Otis Stewart.

.Also named as defendants were American National Insurance Co., Montgomery Ward Life Insurance Company, and Union National Life Insurance Company and Union Life all of whom were dismissed prior to trial.

. LSA-R.S. 14:20, justifiable homicide reads as follows:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving *690 great bodily harm and that the killing is necessary to save himself from that danger; or (2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.
(3) When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business while committing or attempting to commit a burglary of such dwelling or business. The homicide shall be justifiable even though the person does not retreat from the encounter.

. The portions of defendant’s answer relied upon by the trial judge in making this determination were as follows:
9.
The allegations of paragraph 9 admitted, but defendant alleges that the shooting was acci-dential (sic) and in (sic) done in defense of life and property against an unknown intruder.
*691 10.
The allegations of paragraph 10 are denied, in that the shooting was done in defense of Elbia Thomas' life and property against an unknown intruder in her home.